IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LARRY LINERAL STEVENSON,    )
                            )
        Petitioner,          )
                            )    1:11CV1157
        v.                   )    1:07CR421-1
                            )
UNITED STATES OF AMERICA,   )
                            )
        Respondent.         )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Larry Lineral Stevenson, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:07CR421-1, Doc. #30]. Petitioner was indicted on, and later pled guilty to, a single count of possession of a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced to 188 months of imprisonment as an Armed Career Criminal to be followed by five years of supervised release. Following an unsuccessful direct appeal, Petitioner brought the present Motion [Doc. #30].

Petitioner raises a single claim for relief in his Motion, contending that his sentence is invalid in light of the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because he no longer has the necessary predicate offenses to qualify as an Armed Career Criminal under § 924(e). He contends that he did not face more than a year of imprisonment for all three offenses supporting the Armed Career Criminal enhancement.

The Government initially filed a Response opposing Petitioner's request. However, the Government subsequently filed a Supplemental Response. In its Supplemental Response, the Government concedes, based on Simmons, that Petitioner would not have three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another" to support the Armed Career Criminal enhancement. See 18 U.S.C. § 924(e) (providing that an Armed Career Criminal 15-year mandatory minimum sentence applies if a person violates 18 U.S.C. § 922(g) as a felon in possession of a firearm and has three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another"). Specifically, based on Petitioner's state court judgments, the Government contends that Petitioner was convicted on June 5, 2003, of robbery with a dangerous weapon and assault with a deadly weapon committed on January 20, 2001, and robbery with a dangerous weapon, assault with a deadly weapon, and second-degree kidnapping committed on January 25, 2001. Based on the state court judgments, all of these offenses were Class D or E felonies sentenced at a prior record level of III. Petitioner received a consolidated sentence 61 to 83 months of imprisonment for these offenses, all of which are felony offenses punishable by imprisonment for a term exceeding one year. Nevertheless, the Government concedes that the January 20, 2001 offenses did not occur on different occasions, and would only count as one "violent felony" for purposes of the § 924(e) enhancement. The Government similarly concedes that the January 25, 2001 offenses did not occur on different occasions, and would only count as one "violent felony" for purposes of the § 924(e) enhancement. The Government further concedes that Petitioner does not have a third felony conviction that would

2

qualify as an Armed Career Criminal predicate. The indictment in this case relies on a conviction on August 19, 1996 for breaking and entering and larceny. As to these offenses, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for these convictions. Based on this determination, the Government concedes that Petitioner does not have three prior convictions supporting the Armed Career Criminal sentence. The Government therefore takes the position that relief should be granted pursuant to 28 U.S.C. § 2255, and requests that the Court vacated Petitioner's sentence and set this matter for resentencing.

As part of this concession, the Government has further affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply.[1] Petitioner has filed a Reply, agreeing that his sentence should be vacated and that this matter should be set for resentencing. The parties thus agree that pursuant to the § 2255 Motion, Petitioner should be resentenced.[2]

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255 and that the claims raised here are cognizable in these proceedings, at least with respect to defendants who were sentenced as Armed Career Criminals, but who would not have the requisite predicate offenses in light of Simmons and, therefore, would be serving a sentence greater than the statutory maximum that should apply. See United States v. Hall, 1:08CR292-1 (M.D.N.C. Oct. 20, 2012) (vacating Armed Career Criminal sentence and setting matter for resentencing based on Government's concession in light of Simmons). In addition, in taking this position, the Government has agreed that Simmons announced a new substantive rule of criminal law, at least as to defendants in that category. Cf. Teague v. Lane, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review);
(continued...)

3

In considering this Motion, the Court has reviewed Petitioner's state court judgments, and notes that the prior convictions of breaking and entering and larceny were Class H felonies with a prior record level of III for which the presumptive sentencing range applied. Based on this, the maximum sentence Petitioner faced under North Carolina law for those convictions, as analyzed in Simmons, was 12 months or less. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009); see also United States v. Cook, 457 F. App'x 285 (4th Cir. 2011) (applying Simmons to the determination of whether predicates were properly counted for purposes of § 924(e)). Therefore, based on this determination, and based on the concession by the Government that Petitioner is entitled to sentencing relief under § 2255, the Court will recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence be granted, that Petitioner's sentence be vacated, and that this matter be set for resentencing.

The Court notes that Petitioner has also filed a *pro se* Motion to Redact [Doc. #36], seeking redaction of portions of the plea and sentencing transcripts in this case. Those

---

[2](...continued)
Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes"). This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Powell concluded that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which preceded Simmons, was a procedural rule not retroactively applicable on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). However, in Powell, the Government took the position that the decision in Simmons, unlike Carachuri, "may have announced a new substantive rule of criminal law." Id. Therefore, the Court in Powell did not have before it the issue of whether Simmons was a procedural rule or a substantive rule applicable on collateral review. Thus, it does not appear that the decision in Powell would preclude the position the Government takes here. In the circumstances, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.

4

transcripts have been a part of the open record for more than four years and Petitioner provides no reason why redaction would be necessary now. The Motion will therefore be denied.

IT IS THEREFORE ORDERED that Petitioner's Motion to Redact [Doc. #36] is DENIED.

IT IS RECOMMENDED that Petitioner's Motion under 28 U.S.C. § 2255 [Doc. #30] be GRANTED, that Petitioner's sentence be VACATED, and that this matter be set for resentencing in light of the Government's concession.

This, the 13th day of March, 2013.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge